# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL NO. 3:04CV101
## (3:00CR180 & 3:02CR98)

| | |
|---|---|
| JACKIE DENISE CURETON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct her sentences in the captioned criminal cases and her amendment thereto filed March 21, 2005. No response is necessary from the Government.

## I. STANDARD OF REVIEW

A prisoner in federal custody may attack her conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255**. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## II. PROCEDURAL HISTORY

On September 13, 2000, the Petitioner was charged in a four-count bill of indictment with making false statements on a federal home loan application form, making a false statement with intent to influence the action of a federal credit union, and two counts of attempting to negotiate counterfeited securities, in violation of 18 U.S.C. §§ 1001, 1014 and 513(a). **See Bill of Indictment, Criminal No. 3:00CR180, filed September 13, 2000.** On May 18, 2001, the Petitioner entered pleas of guilty to the charges in the indictment without the benefit of a plea agreement. At the Rule 11 hearing, the Magistrate Judge placed the Petitioner under oath; after doing so, the Petitioner answered the standard questions that she understood the charges to which she was pleading

guilty and the maximum punishments for those offenses; that the Sentencing Guidelines would be used in calculating her sentence; the effect of the waiver of her right to a jury trial; that she had not been threatened or coerced into pleading guilty; that she was satisfied with the services of her attorney and had discussed with her attorney the possible defenses to the charges; and asked the Court to accept her guilty pleas. **See Entry and Acceptance of Guilty Plea (Rule 11 Proceeding), filed May 18, 2001.** The Petitioner was sentenced by United States District Court Judge Richard L. Voorhees on December 10, 2001, to a term of 30 months on each count to run concurrently, and the Petitioner was remanded to the custody of the United States Marshal. **Judgment in a Criminal Case, No. 3:00CR180, filed February 1, 2002.** Petitioner appealed her conviction and sentence and same were affirmed in all respects by the Fourth Circuit on December 19, 2002. ***United States v. Cureton*, 53 Fed. Appx. 257 (4th Cir. 2002).** Petitioner did not petition the Supreme Court for a writ of *certiorari*.

On March 5, 2002, the Petitioner was charged in another three-count indictment with using false identification in the filing of a false loan application, making a false statement on a loan application, and producing

a false identification document (*i.e.*, a United States passport), in violation of 18 U.S.C. §§ 1028(a)(7), 1001, and 1028(a)(1). After making her initial appearance on this indictment on March 12, 2002,[1] and entering her not guilty plea at arraignment March 20, 2002, the case was set for trial during the May 2002 term.[2] The indictment was superseded on June 3, 2002; this indictment clarified the charge as to Count One; however, no other substantive changes were made to the original indictment and no other charges were added. **Superseding Bill of Indictment, filed June 3, 2002.** The case was subsequently reassigned to the undersigned and scheduled for trial for the June 2002 term.

On June 5, 2002, the Petitioner filed a motion to continue the trial from the June 10, 2002, date on the grounds that she had not been arraigned on the superseding indictment nor had counsel appeared on her behalf on that bill. On June 4, 2002, the Government filed a motion in limine regarding the Petitioner's allegations of prosecutorial vindictiveness.

---

[1] The Magistrate Judge determined the Petitioner was not eligible for bond because she was currently serving the sentence imposed by Judge Voorhees in December 2001.

[2] This case was originally assigned to Judge Voorhees as well, but was subsequently reassigned to the undersigned for trial.

A hearing was held on the Government's motion on June 6, 2002; the Petitioner was not present at the hearing, but counsel was present. After hearing arguments of counsel, the Court allowed the motion. On June 9, 2002, Petitioner's trial counsel filed a number of motions on her behalf: 1) motion in limine to prevent the Government from disclosing Petitioner's prior criminal record; 2) motion to dismiss for lack of subject matter jurisdiction; 3) motion to dismiss on the grounds that the current indictment was multiplicitous; 4) motion to suppress and a request for a hearing thereon; and 5) a second motion in limine to limit the Government's evidence regarding the Petitioner's other crimes and bad acts. On June 10, 2002, Petitioner's counsel filed a motion for reconsideration of the Court's ruling on the Government's motion in limine. The motion was denied.

Trial began on June 10, 2002; Petitioner's counsel filed a motion for a transcript of the testimony of the Government's witness Gail Gandy. That motion was denied; likewise, the Court denied the Petitioner's remaining motions filed June 9, 2002. On June 11, 2002, the jury found the Petitioner guilty of all three counts of the superseding bill of indictment. **Verdict Sheet, filed June 11, 2002.** In preparation for the Petitioner's

sentencing hearing, counsel filed a lengthy, thorough sentencing memorandum, supported by appropriate documentation, seeking a minimum sentence for the Petitioner, as well as a motion for downward departure pursuant to 18 U.S.C. § 3553(f). **Defendant's Sentencing Memorandum, filed April 22, 2003; Motion for Downward Departure, filed April 22, 2003.** The Petitioner was sentenced by the undersigned on May 20, 2003, as follows:

> Forty-six (46) months on each of Counts 1s, 2s & 3s to run concurrently to each other and twenty-three (23) months of this sentence is to run partially concurrent to the term imposed in 3:00CR180-1[] and the balance of twenty-three (23) months is to run consecutively to the term imposed in 3:00CR180-1[].

**Judgment in a Criminal Case, filed June 12, 2003.** The original bill of indictment was dismissed upon motion of the Government. *Id.* The Petitioner did not appeal her conviction or sentence.

The § 2255 motion was filed by the Petitioner on March 8, 2004, and supplemented by amendment on March 21, 2005; she claims she received ineffective assistance of counsel and that the Supreme Court's rulings in *Blakely v. State of Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), require this Court to vacate her sentences in

both criminal cases. For the reasons set forth below, Petitioner's motion and amendment are denied in their entirety.

### III. DISCUSSION

In considering the Petitioner's claims of ineffective assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

**Strickland v. Washington**, 466 U.S. 668, 686 (1984). Unless a defendant makes both showings, her claim of ineffective assistance of counsel must fail. **Id.** Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness, and, that but for counsel's conduct, there was a reasonable probability the result would have been different. **Id.**, at 688; **Hill v. Lockhart**, 474 U.S. 52 (1985); **Fields v. Attorney Gen.**, 956 F.2d 1290 (4th Cir. 1992). If the defendant fails to make the first showing, there is no need to consider the second. **Strickland, supra.**

Also, where the Petitioner has pled guilty, as was done here in Case No. 3:00CR180, in order to obtain relief from a guilty plea on the basis of ineffective assistance of counsel, a defendant must show both that counsel was incompetent and but for that incompetence, she would not have pled guilty. **Fields, supra.** Petitioner has failed to carry her burden in this regard.

Petitioner first contends that counsel was ineffective by failing to obtain her release on bond pursuant to 18 U.S.C. § 3142 at her initial appearance on the charges contained in the 3:00CR180 indictment. However, the record shows that the Petitioner was released on a $25,000 unsecured bond on October 6, 2000, the same date of the initial appearance. This complaint, therefore, lacks veracity. Petitioner thereafter waived a formal arraignment proceeding; the waiver and Petitioner's request for a jury trial and entry of a not guilty plea was filed November 29, 2000. **Waiver of Personal Appearance and Entry of Plea of Not Guilty, filed November 29, 2000.** Petitioner also makes the argument that she should have been released pursuant to § 3142 when she made her initial appearance on the indictment filed in Case No. 3:02CR98. However, she had been ordered into the custody of the United

States Marshal after the sentencing hearing in Case No. 3:00CR180 by Judge Voorhees in December 2001, and was currently serving that sentence in March 2002 when she made her initial appearance in Case No. 3:02CR98. Therefore, the provision of § 3142 relating to release or detention of a defendant pending trial did not apply and bond was not an option for the Magistrate Judge to consider. How this relates to the ineffective assistance of her counsel is unclear.

The Petitioner further alleges that her attorney Danielle Obiorah, who represented her in Case No. 3:00CR180, was ineffective and disloyal. She does not state in what manner this occurred nor does the record reflect such malfeasance. As a person who, by her own admission, completed high school, it is difficult for the Court to imagine that the Petitioner did not understand, agree with, and participate in every decision made by her experienced attorney. It is even more difficult to understand the claims made throughout her motion which are totally in contradiction to the written record in this case. For example, during the Rule 11 inquiry in Case No. 3:00CR180, she stated under oath in answering the Magistrate Judge, that she was "entirely satisfied" with the services of her attorney. **Entry and Acceptance of Guilty Plea,** *supra*, **at 3.**

> [T]he record reflects that the [Magistrate Judge] conducted a thorough and comprehensive Rule 11 hearing prior to accepting [Petitioner's] guilty plea. In that proceeding, . . . [Petitioner] stated, among other things, that no one had coerced her into pleading guilty and she was in fact guilty of the [charged] offense[s]. [Petitioner] was advised of the essential terms of the plea agreement, and she asserted under oath that she understood them. The court reviewed the maximum permissible sentence on the [felony] conviction, and [Petitioner] acknowledged that she understood. The court also advised [Petitioner] of the constitutional rights being waived by her guilty plea, and she again indicated her understanding. In these circumstances, [Petitioner's] conclusory post-[conviction] assertions that her plea was not knowing and voluntary . . . fail to overcome the barrier of the sworn statements made at her Rule 11 hearing.

**United States v. Ubakanma**, 215 F.3d 421, 424 (4th Cir. 2000). A defendant's statements at a Rule 11 hearing are "strong evidence" of voluntariness and knowledge. **United States v. DeFusco**, 949 F.2d 114, 119 (4th Cir. 1991); **United States v. Blick**, 408 F.3d 162 (4th Cir. 2005).

> [R]epresentations of the defendant . . . at [a Rule 11 hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, *as are contentions that in the face of the record are wholly incredible.*

**Blackledge v. Allison**, 431 U.S. 63, 73-74 (1977) (emphasis added); see also, **United States v. Lemaster**, 403 F.3d 216, 221-22 (4th Cir. 2005)

**(holding that in the absence of extraordinary circumstances, which do not appear here, the truth of sworn statements made during a Rule 11 colloquy is conclusively established[.]");** *Blick,* **408 F.3d at 173 (holding that the Government as well as the defendant should receive the benefits of a binding plea agreement).**

Likewise, Petitioner makes generalized conclusory allegations against Chiege Okwara, her attorney in Case No. 3:02CR98, for ineffective representation of the Petitioner during sentencing, including the allegation that Okwara was not present at sentencing hearing. That allegation is patently false. As noted *supra,* counsel filed a lengthy sentencing memorandum seeking a minimum sentence as well as a motion for downward departure. She also argued Petitioner's case aggressively at the sentencing hearing. In addition, counsel filed numerous motions prior to trial challenging the acts and filings of the Government and supported such motions with carefully prepared briefs. Therefore, the Court finds Petitioner's allegations meritless.

Petitioner also argues that she was not advised of "additional pending charges by counsel" until sentencing in Case 3:02CR98. **Petition, at 2.** Petitioner seems to be confused; there were no new charges

pending at the time she was sentenced in Case 3:02CR98 in May 2003. If she is referring to the superseding indictment filed in June 2002, no new charges were alleged in that indictment and she certainly was aware of that indictment when her case was called for trial in June 2002.

Finally, the Petitioner makes the conclusory assertions that her sentence is based on "materially untrue assumptions on misinformation," is "unconstitutional in violation of laws;" further, the Court "lacked jurisdiction to impose sentence," the sentence exceeded the maximum penalty allowed by law, and that "the sentence is subject to collateral [review]." **Petition, *supra*.** Such allegations are without merit.

The record in both Case Nos. 3:00CR180 and 3:02CR98 shows conclusively that the Petitioner was represented by attorneys who worked diligently on her behalf and achieved commendable results for a client with her record of misconduct. The Court concludes that the Petitioner has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," thus, the second prong of *Strickland* need not be reached. ***Strickland, supra.***

The Petitioner filed an amendment to her § 2255 petition arguing that the Supreme Court decisions in *Blakely* and *Booker* apply to her sentences herein.

In *Blakely*, the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range. However, *Blakely* does not apply retroactively to convictions, like the Petitioner's, that were final at the time that case was decided. **United States v. Price, 400 F.3d 844 (10th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir.), cert. denied, 126 S. Ct. 312 (2005); Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir.), cert. denied, 126 S. Ct. 442 (2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); United States v. Marshall, 117 Fed. Appx. 269 (4th Cir. 2004).** The Petitioner's convictions were final in 2003; thus, *Blakely* could not be retroactively applied in any event.

To the extent that the Petitioner asserts a claim pursuant to *Booker*, that claim is rejected as well. In *Booker*, the Supreme Court held that the

United States Sentencing Guidelines, as a mandatory sentencing procedure, are unconstitutional but that they may be used as an advisory guide by sentencing courts. The Fourth Circuit, as well as every circuit court which has addressed the issue of whether *Booker* may be applied retroactively to cases on collateral review, has held that *Booker* is not retroactive. *United States v. Morris*, 429 F.3d 65 (4th Cir. 2005) **(Although *Booker* is a new rule of constitutional law, it is not a watershed rule and therefore does not apply retroactively to cases on collateral review.); *United States v. Fowler*, 133 Fed. Appx. 922 (4th Cir. 2005) ("Neither *Booker* nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3d Cir.), cert. denied, 126 S. Ct. 288 (2005); *Guzman v. United States*, 404 F.3d 139 (2d Cir.), cert. denied, 126 S. Ct. 731 (2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir.), cert. denied, 126 S. Ct. 199 (2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal**

cases that became final before its release on January 12, 2005.");

*Green, supra*; *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).

Petitioner's motion and amendment are found to be void of merit and are summarily dismissed.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**; a Judgment dismissing this action is filed herewith.

Signed: February 3, 2006

Lacy H. Thornburg
United States District Judge

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL NO. 3:04CV101
(3:00CR180 & 3:02CR98)

| | |
|---|---|
| JACKIE DENISE CURETON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **JUDGMENT** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

For the reasons set forth in the Memorandum and Order filed herewith,

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Petitioner's motion to vacate, set aside, or correct judgment pursuant to 28 U.S.C. § 2255 is **DENIED**, and this matter is hereby **DISMISSED WITH PREJUDICE** in its entirety.

Petitioner is hereby placed on notice that no future motion pursuant to 28 U.S.C. § 2255 may be filed regarding the convictions and sentences in either captioned criminal action absent permission from the United States Fourth Circuit Court of Appeals.

2

Signed: February 3, 2006

*[signature]*

Lacy H. Thornburg
United States District Judge